UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Hon. Paul L. Maloney
                                               U.S. District Judge

v.

JAMES ALLEN MOORE and               Case No. 1:20-cr-189
MYKAEL LEE BOOKER,

        Defendants.
_____/

**MOTION FOR PROTECTIVE ORDER**

      The United States of America, by its counsel, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, Southern Division, and Assistant United States Attorneys Jonathan Roth and Kristin Pinkston, moves this Court for a protective order relating to the disclosure of certain applications, orders, reports, and affidavits as well as personal identification information to the defense, as contemplated by Title 18, United States Code, Section 2518, pursuant to Fed. R. Crim. P. 16(d)(1).

      In support of this motion, the government states as follows:

      1.    On or about December 1, 2020, the defendants were charged by complaint and arrest warrants were issued by this Court. On or about December 16, 2020, the defendant were indicted. The charges followed a large investigation which included the interception of certain wire and electronic communications from

five separate phones pursuant to orders issued by Chief District Judge Robert J. Jonker in accordance with Title 18, United States Code, Section 2518.

2. The government intends to use wire interception evidence during the course of the prosecution. Under Title 18, United States Code, § 2518(9), the contents of intercepted wire and electronic communications shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

3. In accordance with its disclosure obligations under Section 2518(9), the government has produced to the defense copies of the sealed applications, affidavits, and orders concerning the multiple orders issued by Chief Judge Jonker in this case.

4. Additionally, the Government has produced, and will continue to produce, large amounts of discovery materials in this case due to the size and expanse of the investigation. Specifically, the intended discovery consists of many discs of audio and video recordings and photographs gathered during the investigation and thousands of pages of reports, business records, and filings related to the Title III and various telephone warrants and orders. These materials include various documents that contain a significant volume of confidential "personally identifiable information" (PII) such as social security numbers, residential addresses, phone numbers and dates of birth. Consistent with Rule 49.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3771, all parties have an obligation to protect personally identifiable information. Redaction of the discovery materials is impractical both because of the

volume of the documents and defense counsel's need for the underlying information to prepare a defense.

5. The government requests the Court to direct that the application, affidavit, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter, be subject to the following conditions:

(a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding;

(b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure;

(c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure;

(d) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above;

(e) counsel for the defendant shall not allow his client to retain un-redacted copies of the discovery materials containing PII;

(f) that counsel for the defendant will take all reasonable steps necessary to ensure that government discovery materials containing PII is not improperly disclosed;

(g) that counsel for the defendant shall destroy or return the government discovery materials upon the conclusion of this matter; and

(h) that violation of this Order may result in the imposition of civil and criminal sanctions.

However, the restrictions set forth in the requested protective order should not apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

6. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information, and the privacy interest the defendants and other individuals have in the PII contained in the materials. Subsumed in these constraints and, indeed, the driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but whom have not been charged.

4

Although the wiretap applications, affidavits and orders are being disclosed to the defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b).  These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction."  18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

7.   In accordance with L. Crim. R. 12.4 and Administrative Order No. 15-RL-78, the United States attempted to contact counsel for the defendants on March 23, 2021, to seek concurrence on the motion.

    a.   Counsel for Moore indicated no objection to the motion.

    b.   Counsel for Booker has not yet responded to the inquiry.

WHEREFORE, the United States respectfully moves this Court for an order directing that the sealed application, affidavit, and orders concerning the multiple orders authorizing the interception of wire and electronic communications issued by Chief Judge Jonker in accordance with Title 18, United States Code, Section 2518, which are being provided to Defendant and his defense counsel as contemplated by

5

Title 18, United States Code, Section 2518(9), be subject to a protective order as described above in connection with the discovery and detention hearings in this case.

The United States also respectfully moves this Court to order that any other recordings, reports, and investigative materials that may be turned over in connection with this case be subject to the protective order described above.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: March 24, 2021

/s/ Jonathan Roth
JONATHAN ROTH
KRISTIN PINKSTON
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404